**Marta MARTINEZ, Appellant,**

v.

**EL PASO COUNTY, Appellee.**

**No. 08–05–00229–CV.**

Court of Appeals of Texas, El Paso.

March 15, 2007.

---

Marta Martinez, El Paso, pro se.

Jose R. Rodriguez, County Attorney, El Paso, for appellee.

Before CARR, J., ABLES, J., and BARAJAS, C.J. (Ret.).

## OPINION

KENNETH R. CARR, Justice.

Upon application of the Appellee, El Paso County (the "County"), the Appellant, Marta Martinez ("Martinez"), was permanently enjoined from using the El Paso County Law Library on April 14, 2005. Following the injunction, the trial court also dismissed her counterclaim and imposed monetary sanctions for frivolous pleadings. The County argues that Martinez has waived any issues on appeal, because she has not complied with TEX. R.APP. P. 38.1. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The County filed a petition on January 25, 2005, seeking to enjoin Martinez from using the El Paso County Law Library. The petition alleged that Martinez had a history of disrupting other patrons' use of the library by talking in a loud voice, yelling, and using profanity. She was also accused of yelling at, and threatening, a member of the library staff.

In February of 2004, Martinez had been convicted of disorderly conduct after she used profanity to insult and abuse a member of the library staff. As a result of this incident, and after a hearing before the El Paso County Law Library Committee, Martinez was allowed to return to the library only under certain conditions. On November 17, 2004, Martinez was cited for disorderly conduct again for using profanity to insult a member of the library staff. This conduct violated the conditions of Martinez's use of the library, and her access was revoked by the Law Library Committee. The County further alleged that, due to Martinez's behavior, the library staff and patrons remained fearful of her and asked that she be permanently barred.

Martinez filed her answer to the injunction petition on February 22, 2005, and seems to have asserted a counterclaim for, *inter alia*, defamation.[1] She alleged that

---

1. In the final page of her answer, Martinez stated:

    WHEREFORE, Defendant/Counter–Plaintiff request the Plaintiff/Counter–Defendant is cited to appear and answer, and that on final trial, Defendant/Counter–Plaintiff grounds which embraces its entire claim against Plaintiffs'/Counter–Defendants County of El Paso, et al. with this cause is a suit on Cause of Action for Libel & Slander; Defamation of Character, within Allegations; accusations badgering, insults and

several lawyers, judges, and county staff members in the El Paso County Courthouse verbally abused her and accused her of criminal activity. After hearing evidence on March 4, 2005, the trial court granted the County's application for preliminary injunction.[2] The trial court found that Martinez's continued use of the library posed an imminent threat to the County, "because the Defendant will continue for an indefinite period of time to use the Law Library in a disruptive, abusive and threatening manner."

On April 14, 2005, both parties appeared at a hearing on the County's application for permanent injunction. Martinez was permanently enjoined from using the El Paso County Law Library and barred from having any contact with library staff or known patrons. On the County's motion, on June 23, 2005, the trial court dismissed Martinez's counterclaim and ordered her to pay $1,500 to the County for attorney's fees related to the counterclaim. Martinez filed a notice of appeal on June 24, 2005.

■ Martinez's brief includes approximately 134 un-numbered pages. Within those are approximately seventy-nine pages of "Attachments," many of which are not a part of the appellate record.[3] Although the "Table of Contents" includes the headings, "Summary of Argument" and "Argument," we have not been able to find these sections in the body of the brief. There are no citations to relevant legal authority or to the record in the entire brief.

The "Issues Presented" section contains eight pages of discussion of the various cases Martinez has been involved in, many of which do not seem to have any connection to this appeal. For example, Martinez makes reference to a legal malpractice case from 2003, which she asserts is on appeal both in this Court and in the Fifth Circuit. She also discusses a suit against her older sister in 2004, where Martinez attempted to enjoin the administration of their parents' estate during a will contest.

Martinez also used this section to discuss her counterclaim against the County for defamation. She details the evidence which she asserts proves the County and its employees defamed her and entitles her to compensation. She also asserts that this Court has the discretion to appoint an attorney to represent her in her civil cases, although she does not explain on what grounds or specify in which case or cases.

Only in the section entitled "Prayer" have we been able to understand even generally what judgments and orders Martinez is attempting to appeal and how she believes we should decide her case. In the prayer, Martinez requests that this Court take five different actions. First, she asks that we remand the case for a jury trial, although it is unclear what "case" she wants us to remand. Second, she asks us to remove all permanent and temporary injunctions against her use of the El Paso County Law Library. Third, she asks that

---

FALSE IMPRISONMENT while in the El Paso County Courthouse, 65th Judicial District Court, 11th Floor by Bailiff Manny Salazar on August 1, 2001 the day Defendant/Counter–Plaintiff was to met her appointed attorney Stuart L. Leeds against Texas Department of Protective & Regulatory Services whom removed my child by Field Social Work HERLINDA RIVAS.
(All emphases in original).

2. The appellate record of this case does not contain a reporter's record of this or any other hearing.

3. Attachments not included in the appellate record may not be considered by the reviewing court. *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.).

we "remove" all sanctions and "wrongful accusation & allegations of frivolous lawsuit." Fourth, she asks that her "Affidavit of Inability to Pay Costs be Acknowledged as to be true and correct...." Fifth and finally, she asks to be compensated for personal injury and emotional distress in relation to her defamation claim.

The County argues that Martinez has waived any issues she may have intended to raise by failing to file a proper brief and by not providing this Court with a reporter's record. Because Martinez's brief is without legal authority or analysis, and because we have been unable to identify any issues for review, we agree.

## DISCUSSION

■■ Initially, we must note that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso,* 195 S.W.3d 784, 786 (Tex.App.-El Paso 2006, no pet.); *Strange v. Continental Cas. Co.,* 126 S.W.3d 676, 677 (Tex.App.-Dallas 2004, pet. denied), *cert. denied,* 543 U.S. 1076, 125 S.Ct. 928, 160 L.Ed.2d 816 (2005). A *pro se* litigant is required to properly present his case on appeal, just as he is required to do at the trial court. *Strange,* 126 S.W.3d at 678. If this were not the rule, *pro se* litigants would be given an unfair advantage over those parties represented by counsel. *Greenstreet v. Heiskell,* 940 S.W.2d 831, 835 (Tex.App.-Amarillo 1997, no writ). Therefore, we cannot make allowances just because a litigant is not an attorney. *Foster v. Williams,* 74 S.W.3d 200, 202 (Tex.App.-Texarkana 2002, pet. denied).

■ The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX.R.APP. P. 38. One of those requirements is that an appellant's brief must concisely state all issues or points presented for review. TEX.R.APP. P. 38.1(e). An issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to the error about which the complaint is made. *Bankhead v. Maddox,* 135 S.W.3d 162, 163 (Tex.App.-Tyler 2004, no pet.). Appellant's brief must also contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX.R.APP. P. 38.1(h). This requirement is not satisfied by merely uttering brief conclusory statements, unsupported by legal citations. *Sweed,* 195 S.W.3d at 786. Failure to cite legal authority or provide substantive analysis of an issue waives the complaint. *See Leyva v. Leyva,* 960 S.W.2d 732, 734 (Tex. App.-El Paso 1997, no writ).

■ The Appellant bears the burden of discussing her assertions of error. *Safety Nat'l Cas. Corp. v. State,* No. 08–05–00209–CV, —— S.W.3d ——, ——, 2006 WL 3438572, at *2 (Tex.App.-El Paso Nov. 30, 2006, no pet. h.). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error. *Strange,* 126 S.W.3d at 678. Were we to do so, even on behalf of a *pro se* litigant, we would be forced to stray from our role as neutral adjudicators and become an advocate for that party. *See Plummer v. Reeves,* 93 S.W.3d 930, 931 (Tex.App.-Amarillo 2003, pet. denied). When reviewing a civil matter, an appellate court has no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require. *Maddox,* 135 S.W.3d at 163–64 (citing *Krumb v. Porter,* 152 S.W.2d 495, 496 (Tex.Civ.App.-San Antonio 1941, writ ref'd)). Similarly, we cannot speculate as to the substance of the specific issues an appellant urges us to address. *Strange,* 126 S.W.3d at 678.

As we have explained above, Martinez's brief is completely void of legal argument and analysis. The brief is so unclear that we have not been able to identify precisely what judgment or order Martinez is attempting to appeal. Even if we assume that Martinez does intend to challenge the permanent injunction, the monetary sanction, and the dismissal of her counterclaim, we have not been able to identify what error, if any, Martinez would have us review. In short, we have not been able to find an "Issue" as defined under Rule 38.1(e). It would be inappropriate for us to re-draft and attempt to articulate what we believe Appellant might have intended to raise on appeal. *See id.* Therefore, due to the inadequacy of her brief, Martinez has waived her issues on appeal. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994). Finding that nothing has been preserved for our review, we affirm the trial court's judgment.

BARAJAS, C.J. (Ret.), sitting by assignment.

ABLES, J., sitting by assignment.