# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00189-CV

**Adrian Palmer, Appellant**

**v.**

**Eduardo R. Candelario and Unitrin Insurance, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-06-001420, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Adrian Palmer filed a notice of appeal from a jury verdict in his personal injury suit against Eduardo Canedelario and Unitrin Insurance, which arose from an automobile accident. The jury determined that Palmer's negligence was 75% of the proximate cause of the accident, resulting in a judgment that Palmer take nothing.

Palmer's brief to this Court simply includes a summary of the facts of the case and a statement that "Issues presented are the jury charge or verdict." Palmer presents no assignment of error or issues for review. No clear error is discernible, as no reporter's record has been filed for this case.

An appellant's brief must "state concisely all issues or points presented for review." Tex. R. App. P. 38.1(e). Furthermore, it is well-settled law that "a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure."

*Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). Palmer bears the burden of discussing his assertions of error. *See Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. dism'd). Where an appellant's brief does not identify errors for review, we cannot "attempt to articulate what Appellant might have intended to raise on appeal." *Id*. at 845. Because Palmer has presented no issues for review, we affirm the trial court's judgment.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:   August 31, 2007