Kelley KEITH and All Other Occupants, Appellants,

v.

WELLS FARGO BANK, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a/ Northwest Bank Minnesota, N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass–Through Certificates, Series 2002–BC–9, Appellee.

No. 05–08–00572–CV.

Court of Appeals of Texas, Dallas.

May 18, 2009.

Rehearing Overruled June 24, 2009.

---

Douglas Beard, Dallas, for appellants.

Keith Kelley, Dallas, pro se appellant.

Douglas Beard, Dallas, pro se appellant.

Warren E. Johnsey, Brown & Shapiro, LLP, Pasadena, for appellee.

Before Justices RICHTER, LANG, and MURPHY.

## OPINION

Opinion By Justice RICHTER.

This is an appeal from a forcible detainer action awarding possession of certain real property to Wells Fargo Bank, N.A. In a single issue, Douglas Beard, pro se, challenges the trial court's judgement and argues the writ of possession should not have issued because the petition failed to describe the property with sufficient particularity. We conclude the issue has not been preserved for our review and affirm the trial court's judgment.

### BACKGROUND

Kelley Keith and Donnie Burgess executed a promissory note and deed of trust for the purchase of property located at 6924 Glacier Drive in Dallas, Texas. Section 22 of the Deed of Trust sets out various requirements for foreclosure and sale of the property in the event of default. The Deed of Trust also provides:

> If the property is sold pursuant to section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the property to the purchaser

at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

At some juncture, Douglas Beard began to occupy the property, allegedly as a result of having received a contract for deed from Keith. After Keith allegedly defaulted on the note, the property was purchased by Wells Fargo at a foreclosure sale. Wells Fargo subsequently sent a notice to vacate to Keith, demanding that she and any other occupants vacate the property. When Beard refused to leave, Wells Fargo initiated a forcible entry and detainer action in Justice of the Peace Court against Keith and all other occupants of the property. The petition included the legal description of the property from the Deed of Trust as well as the physical address. Neither Keith nor Beard entered an appearance in the Justice Court action, and the court ordered that Wells Fargo recover possession of the property. Beard appealed to County Court of Law No. 2 in Dallas County. After trial de novo without a jury, the trial court rendered judgment awarding possession of the property to Wells Fargo.[1] This appeal followed.

### DISCUSSION

 Initially, we note that although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel.

*Cooper v. Circle Ten Council Boy Scouts of America*, 254 S.W.3d 689, 693 (Tex. App.-Dallas 2008, no pet.). Therefore, we will not make allowances or apply different standards because a litigant has presented his case without the advice of counsel. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.-El Paso 2007, pet. struck).

 On appeal, Beard asserts the court erred in granting possession to Wells Fargo because "the complaint ... failed to describe the property subject of the lawsuit in accordance with Rule 741 of the Texas Rules of Civil Procedure." Although Beard was present and testified at the county court proceeding, he did not adduce any evidence or challenge Wells Fargo's right to possession. When a party seeks to present a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). If a party fails to do so, the issue is not preserved and may not be raised on appeal. *Id.* Because Beard failed to complain about any aspect of Wells Fargo's right to possession, the issue has not been preserved for our review. The judgment of the trial court is affirmed.

---

1. The county court judgment bears the correct cause number but is styled "Linda Woods and all occupants," rather than "Kelley Keith and all occupants." Wells Fargo is identified as the party entitled to possession.