Affirmed
and Memorandum Opinion filed September 24, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00224-CV

____________

 

BADAIKI FIDELIS, Appellant

 

V.

 

TIA SMITH, RITA CASEY, OVERHAULIN= TOW COMPANY AND WEST HOUSTON AUTO
STORAGE,
Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 911344

 



 

M E M O R A N D U M   O P I N I O N








Appellant Badaiki Fidelis appeals from the
determination by the trial court that appellee, Overhaulin= Tow Company, had
probable cause to tow and store appellant=s vehicle.  In
nine issues, appellant contends (1) his constitutional right to confront
witnesses was violated because not all of the defendants were represented at
trial, (2) there was no probable cause to tow his vehicle because his apartment
complex did not display the appropriate Ahandicapped
parking@ sign or Aunauthorized
vehicle sign,@ (3) the towing company could not tow his vehicle
because it did not carry liability insurance, and (4) the storage facility
could not charge an impound fee or notification fee.  We affirm.

Factual and Procedural Background

On October 15, 2007, Overhaulin= Towing Company
towed appellant=s vehicle from his apartment complex
parking lot because his vehicle was parked in a space designated for exclusive
use of a vehicle transporting a disabled person and did not display special
license plates or a disabled parking placard.  Pursuant to Chapter 685 of the
Transportation Code, appellant filed a request for a tow hearing in justice
court in Harris County.  See Act of Sept. 1, 1995, 74th Leg., ch. 165 ' 1 (amended 2007)
(current version at Tex. Occ. Code Ann.
' 2308.452 (Vernon
Supp. 2008).[1]
(AThe owner or
operator of a vehicle that has been removed and placed in a vehicle storage
facility without the consent of the owner or operator of the vehicle is
entitled to a hearing on whether probable cause existed for the removal and
placement.@).  At such a hearing, the burden of proof is on the
person who requested the hearing.  Tex.
Occ. Code Ann. ' 2308.458(b-1).  The issues to be
determined in the hearing are whether probable cause existed for the removal
and placement of the vehicle, and whether a towing charge imposed or collected
in connection with removal or placement of the vehicle was greater than the
amount authorized by the statutue.  Tex.
Occ. Code Ann. ' 2308.458(c).  The justice court held a
hearing and filed findings of fact and conclusions of law in which it found
that the towing company had probable cause to remove and store appellant=s vehicle.








Appellant appealed the justice court=s decision to the
County Civil Court at Law where the county court held a hearing.  At the
hearing, appellant testified that his vehicle had been towed from his apartment
complex for allegedly parking in a space reserved for vehicles transporting
disabled persons.  He testified that he phoned the towing company about damage
to his vehicle, but the towing company informed him that it did not carry
liability insurance.  He further testified that there was no sign warning that
unauthorized vehicles would be towed, nor was there a sign permanently mounted
on a pole, post, permanent wall, or permanent barrier as mandated by the
Occupations Code.  Mark Denison, the owner of Overhaulin= Towing Company,
testified that his company carried liability insurance, and that it had posted
compliant signs warning that unauthorized vehicles would be towed.  He further
produced photographs of appellant=s vehicle being
towed from a parking space designated for vehicles transporting disabled
persons.  The county court issued findings of fact and conclusions of law in
which it found that the towing company had probable cause to tow and store the
vehicle because the vehicle was parked in a space designated for exclusive use
of a vehicle transporting a disabled person and did not display special plates
or a disabled parking placard.  

Analysis

Confrontation Clause

In his first and eighth issues, appellant
argues his sixth amendment right to confront the witnesses against him was
violated because not all of the defendants appeared in court.  At the beginning
of the hearing, appellant complained that not all of the defendants had
appeared in county court.  The court explained to appellant that he was
obligated to subpoena the defendants to ensure their appearance.  On appeal,
appellant argues their non-appearance violated his right to confront the
witnesses against him.








The Sixth Amendment to the United States
Constitution provides, AIn all criminal prosecutions, the accused
shall enjoy the right to . . . be confronted with the witnesses against him[.]@ U.S. Const. amend. VI. (emphasis
added)  ANonconsenttow
hearings are not criminal matters.  See Tex. Att=y Gen. Op. No.
GA-0316 (2005).[2] 
Therefore, because the sixth amendment right to confrontation only applies to
criminal prosecutions, it does not apply to a nonconsent tow hearing pursuant
to the Occupations Code.  Appellant=s first and eighth
issues are overruled.

Proper Signage 

In his second, fourth, and fifth issues,
appellant argues that the towing of his vehicle was without probable cause
because the apartment complex did not display proper signs for the parking
space or warning that vehicles would be towed.  See Tex. Occ. Code Ann. ' 2308.251B.305 (Vernon Supp.
2008). 








The Occupations Code provides that a
parking facility owner may require a vehicle to be removed and stored at the
owner=s or operator=s expense if signs
that comply with Subchapter G prohibiting unauthorized vehicles are located on
the parking facility at the time of towing and for the preceding 24 hours and
remain installed at the time of towing.  Tex.
Occ. Code Ann. ' 2308.252(a)(1).  Subchapter G provides
that an unauthorized vehicle may not be towed unless a sign prohibiting
unauthorized vehicles on a parking facility is (1) facing and
conspicuously visible to the driver of the vehicle that enters the facility,
(2) located on the right or left side of each driveway or at intervals
along the entrance if curbs, access barriers, landscaping, or driveways do not
establish definite vehicle entrances onto a parking facility and the width of
an entrance exceeds 35 feet, (3) permanently mounted on a pole, post, permanent
wall, or permanent barrier, (4) installed on the parking facility, and (5)
installed so that the bottom edge of the sign is no lower than five feet and no
higher than eight feet above ground level.  Tex.
Occ. Code Ann. ' 2308.301(a).

Appellant argues that the sign warning
that his vehicle would be towed was not permanently mounted on a pole, post,
permanent wall, or permanent barrier.  The record in this case contains
photographs of signs warning of a Atow away zone.@  The photograph
reflects that the sign is posted on iron gates at the entrance to the parking
lot.  The towing company=s owner testified that the signs were
posted at every entrance to the apartment complex parking lot.  Under the
Occupations Code, as the person challenging probable cause, appellant bore the
burden of proving that the signs did not comply with the code.  We find no
evidence that challenges the evidence presented by the towing company.  

Appellant cites no authority requiring a
sign designating a parking space for disabled persons to be permanently
mounted.  The photographs admitted at trial showed that the parking space was
clearly marked with a permanent sign painted on the pavement designating the
space as one reserved for vehicles transporting disabled persons.  Therefore,
appellant failed to meet his burden of proof to show the tow of his vehicle was
without probable cause due to improper signage.  Appellant=s second, fourth,
and fifth issues are overruled.

Insurance








In his third issue, appellant argues the
towing company was not authorized to tow his vehicle because the company did
not carry liability insurance.  Appellant testified that when he phoned the
towing company, the company informed him that it did not have insurance.  The
owner of the towing company directly contradicted appellant=s contention by
testifying that he [the company?]carried liability insurance.  Appellant=s only evidence to
contradict the owner=s testimony was his own testimony of the
phone call.  The trier of fact is the sole judge of the credibility of the
witnesses and the weight to be given their testimony.  City of Keller v.
Wilson, 168 S.W.3d 802, 819 (Tex. 2005).  The trier of fact may choose to
believe one witness and disbelieve another and this court cannot impose its own
opinion to the contrary.  Id.  Therefore, the trial court did not err in
choosing to believe the towing company=s owner on the
issue of insurance.  Appellant=s third issue is overruled.

Impound and Notification Fees

In his sixth and seventh issues, appellant
argues that the storage facility improperly charged him a $20.00 impound fee
and a $50.00 notification fee.  Appellant failed to preserve these issues for
review by raising them in the trial court.  See Tex. R. App. P. 33.1.  Appellant=s sixth and
seventh issues are overruled.

In his ninth issue, appellant contends the
trial court improperly turned down his motion for judgment as a matter of law. 
Appellant fails to cite any legal authority or provide substantive analysis of
this issue.  Therefore, he waived this complaint.  See Martinez v. El Paso
County, 218 S.W.3d 841, 844 (Tex. App.CEl Paso 2007, pet.
stricken); Tex. R. App. P. 38.1(h).
 Appellant=s ninth issue is overruled.

The judgment of the trial court is
affirmed.

 

PER CURIAM

 

 

Panel consists of Justices
Yates, Frost, and Brown. 

 









[1]  Appellant originally filed his requests pursuant to
Chapter 685 of the Texas Transportation Code, but the relevant provisions have
been renumbered as sections 2308.451B.460
in the Texas Occupations Code.  See Tex. Occ. Code Ann. ''
2308.451B.460 (Vernon Supp. 2008).  Accordingly, we will refer
to the relevant sections of the Occupations Code throughout this opinion.





[2]  The Attorney General issued an opinion in which he
determined that when a nonconsent tow hearing is conducted before a magistrate
of a municipal court or municipal court of record, the magistrate=s determination is final, and there is no appeal.  Tex. Att=y Gen. Op. No. GA-0316 (2005).  Appeals from municipal courts are prescribed by the
Legislature.  Because the Legislature provided no right to appeal from a
municipal court=s determination of probable cause in a nonconsent tow
hearing, the municipal judge=s determination
is final.  In this case, however, appellant requested a hearing in justice
court.  Jurisdiction over appeals from justice court is controlled by the Rules
of Civil Procedure, which permit appeal to the county court.  See Tex. R. Civ. P. 574b.