# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00792-CV

Ana Esquivel, Appellant

v.

Edward Martinez, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-FM-00-001282, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING

MEMORANDUM OPINION

Ana Esquivel appeals from an order awarding sanctions to her ex-husband, Edward Martinez.[1] When Esquivel and Martinez divorced in 2001, Martinez was named sole managing conservator of the couple's son, David.[2] Esquivel was named possessory conservator with limited supervised visitation. In 2008, Esquivel took custody of David without the court's or Martinez's permission and filed a motion to become David's sole managing conservator. Martinez moved for sanctions against Esquivel, alleging that her motion for a custody change was groundless and brought in bad faith. He also moved for sanctions against Esquivel's attorney, Brian Bernard,

---

[1] Esquivel's attorney, Brian Bernard, was also sanctioned, and he attempts to join Esquivel in her briefing and request for relief. The only notice of appeal filed in this case, however, states that "ANA ESQUIVEL desires to appeal from all portions of the judgment . . . This notice is being filed by ANA ESQUIVEL." Thus, Bernard did not file a notice of appeal, and we cannot award him any relief. *See* Tex. R. App. P. 25.1. But even if Bernard had filed a notice of appeal, we would award him no relief for the reasons explained below.

[2] Martinez and Esquivel had other children who are not involved in this appeal.

on the ground that Bernard assisted Esquivel in filing the groundless motion. The trial court held a hearing on Martinez's motion without Esquivel or Bernard in attendance. At the conclusion of the hearing, the court awarded Martinez $10,000 in sanctions against Esquivel and $5,000 in sanctions against Bernard. Esquivel appeals those awards. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

Esquivel and Martinez divorced in 2001. The divorce decree named Martinez sole managing conservator of the couple's son, David, and named Esquivel possessory conservator. Equivel was given only four hours of supervised visitation with David per month because the court had serious concerns about her influence on David's welfare.

In 2006, Esquivel filed a Petition to Modify Parent-Child Relationship. She was represented by Brian Bernard at the time. The court appointed a guardian ad litem, who wrote a report stating that David was best served by the existing custody arrangement. The guardian ad litem reached this result partly because Esquivel had not been receiving psychological counseling as previously recommended. For reasons that are not clear from the record, the court never entered an order granting or denying Esquivel's Petition.

On June 4, 2008, David ended up in Esquivel's custody. The parties disagree as to how that came about. Esquivel claims that David called her from a pay phone to say that he had run away from his father's home. She further claims that she contacted Bernard for legal advice, and he

---

[3] Except where noted, the following facts are either agreed upon or uncontested. *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

2

advised her to pick up David and call Martinez to inform him of the situation. Martinez, on the other hand, claims that Esquivel initiated contact with David and "removed him from school." He claims that when Esquivel called him on June 4 after picking up David, she refused to say where she was or when she would return David to his custody.

The next day, June 5, 2008, Martinez took a copy of his and Esquivel's divorce decree to the Kyle, Texas police department.[4] He reported the situation to a sergeant and had the sergeant call Esquivel to inform her that she was violating the terms of the decree by exercising custody over David. Esquivel allegedly agreed to meet Martinez and hand over David later that morning at the Travis County courthouse, but she never showed up. Martinez waited approximately an hour and a half past the arranged meeting time and then went to the Travis County Domestic Relations Office to inform an assistant manager, Rosylyn Pitre, about the situation.

With Martinez in her office, Pitre called Bernard and informed him that Esquivel should not be exercising custody over David. Bernard allegedly responded by saying that David "had run away from [his] dad" and Esquivel "was trying to just keep the child safe." Pitre told Bernard she was going to inform Child Protective Services about the situation, and Bernard allegedly responded by saying that "he understood [her] position, and [she] needed to do what [she] thought [she] needed to do."

The same day, Esquivel took David to Bernard's office, where David completed an affidavit stating that he had run away from his father's home and wanted to live with his mother. He also completed a document entitled "Choice of Managing Conservator by Child Twelve Years

---

[4] Martinez believed that Esquivel was living in Kyle at the time.

of Age or Older" (David was 13 at the time) that stated he wanted Esquivel to be his managing conservator. Bernard faxed these documents to Teresa Duffin, who was Martinez's attorney of record at the time, and to Catherine Schmidt, who had been David's guardian ad litem in 2006; he did not transmit the documents to Martinez. Bernard also allegedly called Duffin and Schmidt to inform them that he intended to "go to the uncontested docket to obtain an order allowing [Esquivel] to temporarily keep David in her home." For reasons that are not clear from the record, Duffin and Schmidt seem not to have acted on this information in any way.

The next day, June 6, 2008, Bernard did indeed go to the uncontested docket and file a "Motion for Additional Temporary Orders." The court held a hearing on the motion without Martinez or anyone representing him in attendance. The hearing was not recorded. At its conclusion, the court issued an order scheduling a conservatorship hearing for June 25, 2008, and giving Esquivel exclusive custody of David until then.

Some time between June 6 and June 12, 2008, Martinez learned of this order and hired attorney Sarah Diafi. Diafi promptly moved for a writ of attachment to have David returned to Martinez's custody. The court held a hearing on the motion on June 12, 2008. At the hearing, Martinez and Diafi learned for the first time about Esquivel's Motion for Additional Temporary Orders. At the conclusion of the hearing, the court vacated the earlier court's June 6 order, returned David to Martinez's custody, and set a June 25 hearing on Esquivel's Motion for Additional Temporary Orders.

On June 25, 2008, the parties and their attorneys appeared in court. Bernard requested a continuance, and Diafi agreed to reset the hearing for July 16, 2008. The same day,

Diafi filed the sanctions motion that is the subject of this appeal. The court added the sanctions motion to its July 16 docket.

On July 14, 2008, Bernard contacted Diafi to request another continuance. She refused, and Bernard filed a motion for continuance with the court the next day. For reasons that are not clear from the record, Bernard appears not to have obtained a ruling on the motion or done anything else to secure a continuance. There is evidence that he instructed Esquivel to attend the July 16 hearing without him, but she ultimately did not do so.

On July 16, 2008, a visiting judge held the hearing. Neither Bernard nor Esquivel was present. Diafi called witnesses who testified to the above facts, including Rosylyn Pitre (the Travis County Domestic Relations Office employee) and Martinez. Diafi also took the stand to testify about her fees.

At the conclusion of the hearing, the court denied Esquivel's Motion for Additional Temporary Orders, denied Esquivel's 2006 Petition to Modify Parent-Child Relationship, and, pursuant to Texas Civil Practice and Remedies Code chapter 10 and Texas Rule of Civil Procedure 13, granted Martinez's motion for sanctions.[5] The court awarded Martinez $10,000 in sanctions against Esquivel and $5,000 in sanctions against Bernard. The court issued an order containing findings of fact to support the sanctions award. Esquivel subsequently filed a motion for new trial that was denied and then filed this appeal.

---

[5] The court also purported to award sanctions pursuant to Texas Civil Practice and Remedies Code chapter 9 ("Chapter 9"), but that chapter was not applicable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 9.012(h) (West 2002).

5

## STANDARD OF REVIEW

We review a trial court's imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). We may reverse a sanctions award only if the trial court imposed it without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id*. A sanctions award must "be no more severe than necessary to satisfy its legitimate purposes" and must share a "direct nexus" with both the "offensive conduct" and "the offender." *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003).

## DISCUSSION

Esquivel seems to raise a host of issues in her brief, but she properly enumerates and supports only three.[6] We examine those three issues and deem the others waived. *See McLane v. McLane*, 263 S.W.3d 358, 360 n.1 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (op. on

---

[6] Esquivel's brief does not obey the rules of appellate procedure. In its table of contents it lists a single issue. In its "Issues Presented" section, however, it lists two issues that are totally distinct from the issue listed in the table of contents. This inconsistency should not exist. *Compare* Tex. R. App. P. 38.1(b) (table of contents "must indicate the subject matter of each issue or point, or group of issues or points") *with* Tex. R. App. P. 38.1(f) ("issues presented" section "must state concisely all issues or points presented for review"). The inconsistency makes it difficult for us to determine what to review.

Our task is further complicated by three additional aspects of Esquivel's brief. First, the "Statement of Facts" section does not "state concisely . . . the facts pertinent to the issues . . . presented," nor does it includes record references. Tex. R. App. P. 38.1(g). Second, the brief wholly omits a "Summary of the Argument" section. *See* Tex. R. App. P. 38.1(h) (appellant's brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief."). Third, the "Argument" section of the brief does not "contain a clear and concise argument for the contentions made." Tex. R. App. P. 38.1(h). That is to say, the Argument section (1) is not structured in a way that reflects the "Issues Presented"; (2) raises issues that are neither enumerated in nor suggested by the "Issues Presented" section; and (3) fails to support many of its arguments "with appropriate citations to authorities." *Id*.

reh'g) ("Should [appellant] ask us to construe his brief to assert additional issues [beyond those properly enumerated], we hold that the additional points were improperly briefed and thus waived."); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck) ("The Appellant bears the burden of discussing her assertions of error. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error." (citation omitted)).

### *First Issue*

Esquivel's first enumerated issue is the following:

> Did the trial court err in awarding attorney's fees of $10,000 against appellant Ana Esquivel and $5,000 against appellant's attorney when the evidence showed that appellee's attorney had only substituted on [the] case one month prior and had been notified two days before court date that appellant's attorney needed to reschedule hearing date since he would be in jury trial on another matter in another county?

This issue seems to complain that Martinez's attorney, Sarah Diafi, was not entitled to an award of fees because she (1) had only been on the case for a month and (2) somehow acted improperly in proceeding with a hearing on Martinez's sanctions motion knowing that Bernard could not attend.

Esquivel cites no authority in support of these propositions. They are therefore waived. *Martinez*, 218 S.W.3d at 844. But even if they were not waived, Diafi testified as to her attorney's fees without contradiction. *See In re A.B.P.*, 291 S.W.3d 91, 98 (Tex. App.—Dallas 2009, no pet.) ("Testimony from a party's attorney about a party's attorneys' fees is taken as true as a matter of law if the testimony is not contradicted by any other witness and is clear, positive, direct, and free from contradiction." (internal quotation marks omitted)). Furthermore, because Bernard

and Esquivel were properly served with notice of the hearing, the trial court had the discretion to deny Bernard's motion for a continuance and hold a hearing without him present. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). We overrule Esquivel's first issue.

## Second Issue

Esquivel's second enumerated issue is the following:

> Did the trial court err in awarding appellee's attorney, Sarah Diafi, $10,000 against Ana Esquivel and $5,000 against appellant's attorney on default where the evidence shows that appellee's attorney made false allegations and used those false allegations as the basis for that award?

In the section that discusses this point of error, Esquivel includes only a single legal citation (one that stands for the proposition that "a party must present evidence in good faith"). This is insufficient to support an argument that, in the posture of this case, Diafi's allegedly false allegations warrant a reversal. Thus, the issue is waived. *See Martinez*, 218 S.W.3d at 844. In any event, as an appellate court, we do not determine which facts are "true"; we determine whether the record contains at least some evidence to support the facts found by the trial court. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). The record does so here. We overrule Esquivel's second issue.

## Third Issue

Esquivel's third enumerated issue is the following:

> Does a district court misapply the law and thus clearly abuse its discretion when it imposes a $10,000 punitive fine against Ana Esquivel and a $5,000 punitive fine against Brian Bernard as a sanction without any evidence that the fine is related to the opposing party's harm or that lesser sanctions were considered?

8

This issue does not warrant reversal because there was in fact evidence that (1) the sanctions assessed were related to Martinez's harm and (2) lesser sanctions were considered.

Regarding the former, it is true that sanctions awards should reflect the harm caused and should be no more severe than necessary. *See Mayer*, 104 S.W.3d at 882; *see also Low*, 221 S.W.3d at 620-21 n.5 (listing factors that may help court determine appropriate sanctions). Esquivel argues that the sanctions awarded here do not reflect the harm caused because Martinez did not substantiate his monetary losses.

We disagree. Martinez testified that he lost his job because he missed work while trying to get David back, and Diafi testified that her attorney's fees totaled $5,000. Esquivel argues that this testimony does not support a sanctions award because Martinez could not have missed work "searching" for his son, as "he knew all along where his son was and who he was with." On the contrary, Martinez testified that he did not know where Esquivel lived and that he did not spend his time merely "searching" for David, but rather spent his time pursuing various legal avenues (e.g., contacting the police, contacting the Travis County Domestic Relations Office) to try to get David back.

Regarding Diafi's attorney's fees, Esquivel claims that Diafi introduced "no evidence" in support of her $5,000 figure. On the contrary, Diafi testified as to her hourly rate and the number of hours she worked for Martinez. *See In re A.B.P.*, 291 S.W.3d at 98 ("Testimony from a party's attorney about a party's attorneys' fees is taken as true as a matter of law if the testimony is not contradicted by any other witness and is clear, positive, direct, and free from contradiction." (internal quotation marks omitted)).

9

Regarding whether the trial court considered lesser sanctions, the court's sanctions order specifically states that a "lesser sanction was not imposed because ANA ESQUIVEL and her attorney committed egregious misconduct. The court considered lesser sanctions but they would not have been effective." The court recited several bases for this finding, none of which Esquivel directly challenges. We overrule Esquivel's third issue.

## CONCLUSION

For the reasons stated above, we hold that the trial court did not abuse its discretion in imposing sanctions on Esquivel and Bernard. We affirm the sanctions order.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   September 16, 2010