

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00084-CV

IN THE INTEREST OF J.N.R., A CHILD

On Appeal from the 146th District Court
Bell County, Texas
Trial Court No. 264,127-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Jean-Pierre Fernandez has filed his pro se appeal from the Bell County District Court[1] determination that he is the father of J.N.R., a child born in 1999 to Joan Gorgette Ramsey.

The precise nature of Fernandez' points of appeal are extraordinarily difficult to ascertain because his purported brief (which is only one page in length and which cites neither the record nor any authority) complains that he "never had a chance for a fair trial," that "[t]he points for review are the child's custody and calculated back child support," and that the order as entered is "not on the best child's interest [sic]."[2] The relief that Fernandez seeks is "an opportunity to prove that it is in the best interest of the child to live in his home," and he desires to "present evidence that the calculation for back child support is flawed."

> [*P*]*ro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A *pro se* litigant is required to properly present [his] case on appeal, just as [he] is required to properly present [his] case to the trial court. *Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). If this were not the rule, *pro se* litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Id*.

*Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). We cannot make allowances just because a litigant is not an attorney. *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied).

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* Tex. R. App. P. 41.3.

[2]A reply brief filed by Fernandez purports to present evidence that was never before the trial court, but makes no attempt to present points of error.

Anyone looking at Fernandez' brief would be immediately struck by its inadequacy. The Texas Rules of Appellate Procedure prescribe the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1. Summarizing, such a brief is required to concisely state all issues or points presented for review and, among other things, must contain a clear, concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). An appellate court is not permitted to speculate as to the substance of the specific issues asserted by an appellant. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). An appellant's failure to cite legal authority or provide substantive analysis of a legal issue results in waiver of the complaint. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

If we simply look to determine what relief Fernandez seeks, it is apparent that he would very much like a "do over" (i.e., a new trial). We observe that Fernandez was given ample opportunity at the trial level to present any defense he would have had to the claims of paternity and the obligations which arose from the finding that he was the father of the child the subject of this lawsuit. Fernandez did not do so and, by his inadequate briefing, has waived any complaint he may have had to any potential irregularities in the proceedings below.

Nevertheless, we have reviewed the proceedings of the trial court to determine that it had jurisdiction over Fernandez and the subject matter and that we obtained jurisdiction of the matter on appeal. We find nothing untoward with regard to jurisdiction.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     April 6, 2016
Date Decided:       May 13, 2016

4