

# NUMBER 13-20-00359-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL LOWMAN,                                       **Appellant,**

**v.**

LINDA LOWMAN MARTINI,
DEPENDENT ADMINISTRATOR
OF THE ESTATE OF HERMAN
BRUCE LOWMAN AND CORA
SUE LOWMAN,                                    **Appellees.**

### On appeal from the County Court at Law No. 1
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Michael Lowman appeals the trial court's granting of summary judgments in favor of appellees Linda Lowman Martini, dependent administrator of the estate of Herman Bruce Lowman, and Cora Sue Lowman. By two issues, Michael asserts

the trial court erred when it (1) sustained appellees' objections to his affidavit, and (2) granted appellees' traditional and no-evidence summary judgments. We affirm.

## I.  BACKGROUND

Herman and Cora owned a brush clearing business and had two children: Michael and Linda. According to Michael, in 2015, he entered into an oral agreement with Herman under which Michael would clear brush for customers using Herman's equipment, and after deducting half of the expenses, "the parties would share 50% of the net income."

In February 2017, Michael entered into a written contract with Herman for the purchase of a bulldozer. The notarized contract, bearing both signatures, provides that Michael would pay Herman $40,000 in exchange for the bulldozer.

 Herman died on October 17, 2017. Linda was the dependent administrator of Herman's estate. On October 11, 2018, Michael filed a claim against Herman's estate in probate, which Linda rejected.

On November 22, 2019 Michael sued Linda, as dependent administrator of the estate of Herman, alleging breach of contract. Michael claimed he was owed "$215,008.36 less $40,000.00 which is the cost of the dozer and possession of it." The petition alleged that Linda wrongfully rejected Michael's October 11, 2018 probate claim. Michael also claimed that Cora was responsible for the debt as Herman's surviving spouse under a community debt obligation.

Appellees filed a partial traditional motion for summary judgment and partial no-evidence summary judgment motion, asserting that, because Michael did not pay $40,000 for the bulldozer as the contract required, he did not meet the elements for a breach of

2

contract claim. As evidence, they attached the written contract which, according to Michael, his daughter drafted "off a computer." The contract provided that Herman as seller authorized the sale of the bulldozer in the amount of $40,000, and "[a]fter exchange of payment, the Buyer [sic] renders full right and ownership of the goods listed above."

Cora similarly filed a separate no-evidence summary judgment motion asserting there was no evidence to support Michael's claim that she is liable for the alleged debt pursuant to her marriage to Herman. Appellees subsequently filed another partial traditional summary judgment motion asserting a statute of frauds (SOF) affirmative defense as to Michael's alleged oral agreement. They attached Michael's live pleading, his deposition transcript, a voluminous handwritten "tally ledger" regarding the brush clearing business, and Michael's responses to her requests for admission.

Michael responded to the summary judgment motions asserting the written contract appellees attached to support their summary judgment motion cannot be used as evidence because there is no affidavit authenticating it or making it admissible under Texas Rules of Civil Procedure 166a(f). *See* TEX. R. CIV. P. 166a(f) (providing that supporting and opposing affidavits shall be made on personal knowledge and shall show affirmatively that the affiant is competent to testify on the matters stated therein). Instead, Michael contended that the only summary judgment evidence was his attached affidavit, wherein he averred that his oral agreement with Herman was that Michael would clear brush, then deduct half the expenses, and be paid fifty percent of the net income. In his affidavit, Michael further alleged that Linda withdrew $100,000 from Cora's and Herman's checking account on November 30, 2016, and another $10,000 on December 15, 2016:

3

"Where this money went, I do not know. However, I was the owner of 50% of that amount . . . less the $40,000.00 payment for the [bulldozer]."

Appellees objected to Michael's summary judgment evidence and filed a motion to strike, claiming his affidavit was conclusory, a sham, not readily controvertible as he was an interested witness, and that Herman was unable to refute Michael's allegations as he was deceased. *See id.* R. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."). Appellees further stated Michael's affidavit was conclusory because it was unsupported by facts and a sham because it conflicted with his prior responses to her requests for admission.

Michael responded to two of these allegations stating that Rule 166a(c) only applies to affidavits in support of motions for summary judgment and does not apply to opposing affidavits such as his. *Compare id.* R. 166a(f) *with* R. 166a(c). Additionally, he denied that his affidavit was a sham because he only contradicted himself in "unsworn testimony" as opposed to contradicting himself in "sworn testimony." Michael did not address the objection that his affidavit was conclusory.

On February 14, 2020, the trial court: (1) granted apepellees' partial traditional motion for summary judgment on the SOF affirmative defense; (2) granted Cora's no-evidence motion for summary judgment; (3) granted appellees' no-evidence summary judgments; and (4) sustained appellees' objections and motion to strike Michael's affidavit. The trial court dismissed Michael's claims with prejudice and signed a final

4

judgment disposing of all claims and all parties on July 16, 2020. Michael filed a motion to reconsider, which the trial court denied. This appeal followed.

## II.    WAIVER

By his first issue, Michael argues the trial court erred in striking his affidavit—which he solely relied on to defeat appellees' motions for summary judgment—on the grounds that it was not readily controvertible, a sham, and conclusory.

In the trial court, appellees filed a motion to strike Michael's summary judgment evidence on the basis that it was: (1) not readily controvertible, (2) conclusory, and (3) a sham. Michael responded to only two of these objections. Regarding the first objection, in a single sentence, Michael argued that the part of Texas Rule of Civil Procedure 166a(c)—requiring summary judgment evidence to be readily controvertible—"only applies to affidavits filed by a movant for summary judgment, not responses to summary judgment motions," such as his opposing affidavit. Regarding the second objection, Michael asserted that the sham rule did not apply because "[a] request for admissions is not sworn testimony," and therefore his affidavit did not conflict with prior testimony.

Michael did not address appellees' argument that his summary judgment evidence was "conclusory, not supported by facts, is based on his subjective belief, and cannot be used to defeat summary judgment." *See Holloway v. Deckers*, 380 S.W.3d 315, 323 (Tex. App.—Dallas 2012, no pet.) ("[A] conclusory statement is one that does not provide the underlying facts to support the statement."). Any issues that a nonmovant contends avoid summary judgment must be expressed in a written motion, answer, or other response to the motion. *See* TEX. R. CIV. P. 166a(c). "We do not consider on appeal grounds not raised

5

in the trial court in opposition to a summary judgment motion." *Madeksho v. Abraham, Watkins, Nichols & Friend*, 57 S.W.3d 448, 453 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979). On appeal Michael may not urge "any and every new ground he can think of, nor can he resurrect grounds that he abandoned" in the trial court. *Madeksho*, 57 S.W.3d at 453; *see Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (providing that if a party does not challenge all possible grounds for a trial court's ruling that sustains an objection to evidence, then the party waives any error for appellate review). To preserve his argument, Michael was required to raise it in his response to appellees' motion to strike Michael's summary judgment evidence. *See* TEX. R. CIV. P. 166a(c). Because he failed to do so, we overrule Michael's first issue.

## III. SUMMARY JUDGMENTS

By his second issue, Michael argues that the trial court erred in granting all three summary judgments.

### A. Standard of Review

We review summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020). "When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). A party may move for a no-evidence motion for summary judgment

6

"on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220. "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id.* at 219.

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Id.* Evidence is conclusive only if reasonable people could not differ in their conclusions. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017); *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). "[W]e must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *see Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015).

**B.    No-Evidence Summary Judgment**

We first consider the no-evidence summary judgment motions. *See Parker*, 514 S.W.3d at 219. In the motions, appellees asserted that Michael produced no evidence that he paid $40,000 for the bulldozer as required by the written contract, and therefore, he did not meet the elements to establish a breach of contract claim.[1]

According to the summary judgment evidence, the contract requires that Michael pay Herman $40,000 to receive ownership of the bulldozer, which Michael does not dispute. Rather, Michael claims he did not pay the required $40,000 because half of the amount of money Linda withdrew from Cora's and Herman's account belonged to Michael pursuant to the 2015 oral agreement. Michael claims the money in Herman's and Cora's account "was to be used to pay for the [bulldozer]." However, the written contract, which was notarized and bears Herman's and Michael's signatures, does not reference payment in any other manner other than Michael tendering $40,000. The contract, drafted two years after Michael's alleged oral agreement with Herman, does not reference any prior oral agreements or state that payment could be tendered by Michael clearing brush and then deducting half the expenses. Furthermore, the contract does not provide for modifications.

To defeat the no-evidence summary judgment motion, it was incumbent on Michael to produce more than a scintilla of evidence that he performed or tendered performance under the written contract. *See id.* at 220. Michael did not produce evidence

---

[1] The elements of a breach of contract claim are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.).

that he paid for the bulldozer; therefore, Michael produced no evidence of a breach of contract claim. Accordingly, the trial court did not err in granting appellees' partial no-evidence summary judgment motion in response to Michael's bulldozer breach of contract claim. We overrule Michael's second issue as it relates to appellees' no-evidence summary judgment.

## C.  Traditional Summary Judgment

Appellees moved for a traditional summary judgment on the SOF affirmative defense. They asserted that Michael's alleged oral agreement was not capable of being performed within one year, and they attached Michael's deposition testimony wherein he stated the terms of the 2015 oral agreement exceeded one year. On appeal, Michael denies the SOF applies, and the extent of his argument is as follows:

> The [SOF] does not apply. The summary judgment evidence establishes that the agreement was for an indefinite time—which means the party could terminate at will. This is not a claim for anything in the future. It is only a claim for what took place in the past.

Aside from these general conclusory statements, Michael does not provide legal authority or record references to support his contention that his alleged oral contract does not fall within the SOF. *See* TEX. R. APP. P. 38.1(i) (providing that an appellate argument must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Furthermore, Michael does not provide any legal analysis to support his contention that his alleged oral agreement is "at-will," and why this "at-will" oral agreement is excluded from the SOF. *See Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck) (providing that the failure to cite legal authority or provide substantive analysis of the legal issue results in

9

waiver of the complaint). We are prohibited from researching the law and then fashioning a legal argument for Michael when he has failed to do so, and we cannot consider mere assertions in a brief not supported by evidence in the record.[2] *See Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that the appellate briefing requirements are not satisfied by merely uttering brief, conclusory statements unsupported by legal citations or substantive analysis). Furthermore, Michael relies on his affidavit as "summary judgment evidence," which the trial court struck as conclusory, a sham, and not readily controvertible. However, we have already rejected Michael's issue claiming that the trial court erred in striking his affidavit, so we do not consider his affidavit on appeal. *See Madeksho*, 57 S.W.3d at 453. Accordingly, we overrule Michael's second issue as it relates to appellees' traditional summary judgment.

## D.    Cora's No-Evidence Summary Judgment

Michael produced no evidence of a breach of contract claim against Herman. Furthermore, Michael did not meet his burden to demonstrate an exception to the statute of frauds. Without a valid breach of contract claim against Herman, Michael's breach of contract claim against Cora necessarily fails. *See* TEX. FAM. CODE ANN. § 3.202 (providing that community property obligations arise "subject to the liabilities incurred by the spouse"). Because the trial court did not err in granting Cora's no-evidence summary judgment, we overrule Michael's second issue in its entirety.

---

[2] We note that Michael generally cites authority establishing the burden of proof regarding the SOF; however, Michael does not provide authority, analysis, or citations for his specific contention that his alleged oral agreement was indefinite, at-will, or excluded from the SOF requirement.

10

## IV.  CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
26th day of May, 2022.