

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00025-CV
_____

**MELANIE ANN HANDY, APPELLANT**

**V.**

**1100 REINLI STREET LLC AND GVA, LLC, APPELLEES**

On Appeal from the 200th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-21-000795, Honorable Madeleine Connor, Presiding

July 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Melanie Ann Handy, appeals the trial court's no-evidence summary judgments granted in favor of Appellees, 1100 Reinli Street LLC; New Aspen Management, LLC d/b/a GVA Property Management; and GVA, LLC. We affirm the judgments of the trial court.

_____

[1] Pursuant to the Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

BACKGROUND

This case arises out of an alleged slip-and-fall accident occurring at Handy's apartment complex on November 10, 2020. Handy claims that there was a defect on the stairs of the apartment that caused her to fall. On February 23, 2021, Handy filed suit against Appellees for premises liability, negligent undertaking, and gross negligence. At the time of filing her suit, Handy was represented by counsel. For approximately eighteen months, the parties engaged in discovery. On August 15, 2022, the trial court granted Handy's counsel's motion to withdraw. Thereafter, Handy represented herself.

On October 3, 2022, 1100 Reinli Street filed a no-evidence motion for summary judgment. Handy did not file a response to this motion.[2] The trial court, after holding a hearing and considering the parties' filings and argument, granted 1100 Reinli Street's motion for summary judgment on November 18. On December 12, New Aspen and GVA filed their no-evidence motion for summary judgment. On December 16, Handy filed notice of appeal seeking to appeal the trial court's November 18 grant of summary judgment in favor of 1100 Reinli Street. This notice of appeal had six exhibits appended. At the subsequent hearing on New Aspen's and GVA's summary judgment, the trial court requested briefing in response to Handy's December 16 "notice of appeal" filing. New Aspen and GVA filed a response arguing that nothing in Handy's filing constitutes a scintilla of evidence in support of her claims. They also moved to strike Handy's summary

---

[2] Counsel for 1100 Reinli Street, indicates that Handy emailed him a document titled "Introduction: D-1-GN-000795," that consisted of "a brief, incoherent argument and six 'exhibits.'" However, Handy did not file this document with the trial court in response to 1100 Reinli Street's motion. Counsel discusses the document and exhibits and states that "nothing in the document responded to []1100 Reinli Street's motion for summary judgment and the 'exhibits' were not proper summary judgment evidence . . . ."

judgment evidence as inadmissible and improper. The trial court agreed and entered an order granting New Aspen's and GVA's summary judgment motion and motion to strike.

Handy filed her appellate brief on March 3, 2023. However, because this briefing did not comply with the appellate briefing requirements contained in Texas Rule of Appellate Procedure 38.1, we directed Handy to file a corrected brief. Handy subsequently filed a new brief on March 17. However, this brief was the same document filed on March 3, with documents attached that appear to be a noncertified copy of Handy's original petition, an email sent to the trial court judge, and medical bills and records. Handy does not identify any issues presented in her brief but it appears that she is challenging whether she has provided evidence sufficient to overcome Appellees' no-evidence summary judgment motions.

## ANALYSIS

As an initial matter, we note that a self-represented litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Gonzalez v. Magana*, No. 03-14-00387-CV, 2015 Tex. App. LEXIS 8593, at *3–4 (Tex. App.—Austin Aug. 18, 2015, pet. denied) (mem. op.). A relaxation of the rules in favor of self-represented litigants would provide such parties with an unfair advantage over parties who are represented by counsel. *Viasana v. Ward Cnty.*, 296 S.W.3d 652, 654 (Tex. App.—El Paso 2009, no pet.).

The rules of appellate procedure govern the required contents and organization of an appellant's brief. TEX. R. APP. P. 38.1. One of those requirements is that an appellant's brief must contain a clear and concise argument including appropriate

3

citations to legal authorities and the record. TEX. R. APP. P. 38.1(i). Failure to cite legal authority or provide substantive analysis of the legal issue presented effects a waiver of that issue on appeal. *Martinez v. El Paso Cnty.,* 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error in the lower court. *Id.*

Handy's brief does not identify any issues presented, does not cite any legal authority in support of her contentions, and does not cite to the record. In fact, nothing in her brief attempts to identify any evidence that could establish any of her claims and overcome Appellees' no-evidence summary judgment motions. Thus, Handy's attempted appeal is inadequately briefed and presents nothing for review. *See McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error."); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (requirements of TEX. R. APP. P. 38.1 is not satisfied by brief conclusory statements unsupported by legal citations); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

Further, Handy does not challenge the trial court's grant of New Aspen's and GVA's motion to strike her summary judgment evidence.[3] We cannot reverse a ruling of a trial court that was not challenged on appeal. *See Walling v. Metcalfe*, 863 S.W.2d 56,

---

[3] We assume for purposes of this analysis that the documents attached to Handy's "notice of appeal" were intended to be presented as summary judgment evidence.

4

58 (Tex. 1993) (per curiam) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.").

## CONCLUSION

Concluding that any issues presented by Handy were inadequately briefed, we affirm the summary judgments of the trial court.


Judy C. Parker
Justice