# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00161-CV

**David P. Hissey, Appellant**

**v.**

**JP Morgan Chase Bank N.A., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-09-000007, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant David P. Hissey sued appellee JP Morgan Chase Bank N.A. ("Chase") alleging that a foreclosure sale conducted by Chase was wrongful and seeking to have title to certain property quieted in his name. Chase responded by filing a counterclaim seeking judgment for possession of the property and attorneys' fees. Chase then filed traditional and no-evidence motions for summary judgment. After a hearing, the trial court granted the motion for summary judgment and rendered a take-nothing judgment against Hissey. The trial court also rendered judgment that Chase have possession of the property and awarded it attorneys' fees. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2006, Hissey executed a fixed/adjustable rate note payable to Long Beach Mortgage in the original principal amount of $404,000 (the "Note"). The Note secured a

Deed of Trust that granted a lien against property located at 901 West Mary in Austin. As of September 25, 2008, Chase was the successor in interest to the Note. Hissey defaulted on the Note, and Chase foreclosed on the Deed of Trust on November 2, 2008. Chase was the successful bidder at the foreclosure sale, and a Substitute Trustee's Deed was executed transferring title to the property from Hissey to Chase.

Hissey sued Chase alleging wrongful foreclosure and seeking a declaratory judgment quieting title in his name. Chase counterclaimed seeking possession of the property and attorneys' fees, and thereafter filed traditional and no-evidence motions for summary judgment. Hissey filed a response supported by three affidavits containing virtually identical averments regarding documents allegedly contained in the real property records. Chase objected to each of the affidavits on the grounds that they failed to include the materials from the real property records and contained conclusory statements regarding title to the property.

The trial court conducted a hearing on the motion for summary judgment. At the commencement of the hearing Hissey, appearing pro se, demanded evidence of the trial court's "authority . . . to sit in a judicial capacity [] as established by the Texas Constitution and Texas statutes." Hissey stated that before "consent[ing] to the jurisdiction of the Court" he would, among other things, have to conduct "a forensic analysis of the original oath of office of both the judge and the clerk of the court." In response to Hissey's continued demands for evidence of the court's "authority to sit in a judicial capacity," the trial court showed him her judicial commission and oath of office. Hissey refused to comply with the trial court's admonitions that he sit down and cease interrupting the court, stating "You have no authority over me." When the trial court attempted to

proceed with the hearing on Chase's motion for summary judgment, Hissey stated "I forbid you to speak to this man [counsel for Chase]." After repeatedly warning Hissey that she would remove him from the courtroom if he refused to permit the proceeding to go forward, the trial court ultimately committed Hissey to jail for contempt of court and directed the sheriff's deputy to escort him from the courtroom. Thereafter, the trial court heard Chase's arguments in support of its motion for summary judgment, sustained its objections to Hissey's summary-judgment evidence, and granted the motion. The trial court rendered judgment that Hissey take nothing by way of his claims and that Chase have possession of the property. The trial court also awarded attorneys' fees to Chase. This appeal followed.

## DISCUSSION

Hissey has filed in this Court a three page brief containing a description of his dealings with Long Beach Mortgage, an abbreviated summary of Chase's foreclosure on the property, his account of the events that occurred during the hearing on Chase's motion for summary judgment, and general complaints about the actions taken by an unidentified debt collector and constable.

Our appellate rules have specific requirements for briefing that require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument explaining why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made, along with appropriate record references. *See* Tex. R. App. P. 38.1 (f), (h), (i). Only when we are provided with proper briefing may we discharge our responsibility to review and appropriately decide the issues raised. *See Bolling v. Farmers Branch Indep. Sch. Dist.*,

3

315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). We are not responsible for identifying possible trial court error or for searching the record for facts that may be favorable to a party's position. *Id.*; *Canton-Carter v. Baylor College of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). To do so would be to abandon our role as judges and become an advocate for that party. *Bolling*, 315 S.W.2d. at 895; *Canton-Carter*, 271 S.W.3d at 931; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (appellate court has no discretion to consider issue not raised in appellant's brief). Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *Id.* at 185. We do not apply different standards because a case is presented by a litigant acting without the advice of counsel. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). Accordingly, Hissey must comply with the applicable rules of procedure. *Id.*

An issue presented in an appellant's brief is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Valadez*, 238 S.W.3d at 845. This requirement is not met by merely uttering brief conclusory statements unsupported by legal authority. *Id.* Hissey's brief does not identify any issue for review, nor does it contain any legal analysis or citation to legal authority. Moreover, Hissey's brief does not state the type of relief he is seeking from this Court. *See* Tex. R. App. P. 38.1(j). We may not attempt to re-draft and articulate what we believe Hissey may have intended to raise as error on appeal. *See Martinez*, 218 S.W.3d at 845. Because Hissey has failed to comply with the requirements of rule 38 of the Texas Rules of

4

Appellate Procedure, he has waived any issues on appeal. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

## CONCLUSION

Having concluded that Hissey has failed to raise a bona fide issue for review, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 5, 2011