**Robert Leon JENKINS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 10–09–00233–CR, 10–09–00248–CR.**

Court of Appeals of Texas, Waco.

May 26, 2010.

Clint F. Sare, Bryan, for Appellant.

Bill R. Turner, Brazos County District Attorney, Bryan, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ABATEMENT ORDER

PER CURIAM.

Robert Leon Jenkins was convicted of the offenses of forgery and failure to identify. TEX. PENAL CODE ANN. §§ 32.21; 38.02 (Vernon Supp.2009). He appealed both convictions. The reporter's records for these appeals were originally due on September 8, 2009, over 8 months ago. What we thought to be a complete reporter's record was filed on February 18, 2010. It ultimately was not a complete reporter's record.

Counsel for Jenkins filed an *Anders* brief in each appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel acknowledged in his *Anders* brief that he had not reviewed the entire record in these appeals because the reporter's record (one record

for both convictions) was incomplete. Apparently, exhibits which were introduced into evidence at trial had not been made a part of the reporter's record. In an order dated May 12, 2010, we struck counsel's *Anders* brief and ordered a supplemental reporter's record to be filed within 7 days from the date of the order. We warned that the failure to file the reporter's record would result in an abatement order for the trial court to determine, working with the official reporter, a date certain by which the supplemental reporter's record would be filed.

In response to our May 12th order, the trial court sent us a letter stating that the exhibits were not in the reporter's possession but were delivered to the office of the District Clerk on the date of the hearing during which they were admitted into evidence. The trial court further stated that the reporter requested the exhibits but because of time limits placed on him by this Court, the reporter filed what he had because he could not obtain the records from the clerk. The trial court suggested that we contact the clerk. The reporter has not responded to our order and has not filed a supplemental reporter's record.

■ A reporter's record consists of a transcription of the proceedings that the parties to the appeal designate "*and any of the exhibits.*" TEX.R.APP. P. 34.6(a) (emphasis added). Further, "[a]t the [ ] reporter's request, the trial court clerk *must* give all original exhibits to the reporter for use in preparing the reporter's record." *Id.* (g)(1) (emphasis added). Thus, it is the duty of the reporter to request the exhibits from the trial court clerk at the time the reporter's record is being prepared so that copies of the exhibits can be included in the record filed with this Court. The clerk must give the exhibits to the reporter only

upon request. Without the exhibits, the reporter's record is not complete.

This reporter has had over 8 months since the original due date of the record to obtain the exhibits from the clerk. Further, we actively attempted to obtain a complete reporter's record from this reporter for over 3 months only to have an incomplete reporter's record filed in February without the reporter notifying us that the record was not complete. The lack of a complete record was brought to our attention in April by Jenkins' counsel trying to fulfill his duties as appointed counsel. The reporter has never suggested to us that he could not file a complete record because the district clerk would not give him the needed exhibits so they could be copied and made a part of the reporter's record.

■ Accordingly, because no supplemental record was filed as ordered, these appeals are abated for the trial court, the Honorable Steve Smith of the 361st District Court, to determine, working with the official reporter, Felix Thompson, a date certain by which the supplemental reporter's record containing the required exhibits will be filed. A determination must be made in writing and provided to the trial court clerk within 7 days from the date of this order. The trial court clerk is ordered to provide a supplemental clerk's record, containing the written determination of the trial court, within 14 days from the date of this order.