PD-1160-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/29/2015 10:19:29 AM
Accepted 9/30/2015 3:12:53 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
NO.# PD-1160-15 & PD-1161-15

ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

Court of Appeals of Texas,
Corpus Christi-Edinburg.
Raul Garza Salazar, Appellant,

v.

The State of Texas, Appellee.
NUMBERS 13-14-00006-CR, 13-14-00007-CR
Delivered and filed July 16, 2015

On appeal from the 445th District Court of
Cameron County, Texas.


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Larry Warner
Counsel for Raul Garza Salazar
3109 Banyan Drive
Harlingen, Texas 78550
Phone (956)230-0361
Facsimile: 1-866-408-1968
Email: office@larrywarner.com
Texas Bar#20871500;
USDC,SDTX 1230;
Board Certified, Criminal Law,
Texas Board of Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States (1984)

FILED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

Pursuant to *TEX.R.APP.P.68.4,Appellant provides the following identity of parties and counsel:*

## Identity of parties and counsel

1.  Hon. Luis V. Saenz, District Attorney, Attorney at trial and on appeal and on Petition for Discretionary Review for the State; 964 East Harrison; Brownsville, TX 78520

2.  Hon. Victor Ramirez, Attorney for Defendant at trial. Brownsville, TX 78520

3.  Hon. Rene Gonzalez, Assistant Cameron County District Attorney, Attorney for Appellant on Appeal.

4.  Hon. Larry Warner, Attorney for Petitioner on Petition for Discretionary Review and on appeal, 3109 Banyan Drive, Harlingen, Texas 78550

5.  Raul Garza Salazar, Petitioner

Pursuant to TEX.R.APP.P.68.4(a), Petitioner provides this Table of Contents with reference to the pages of the Petition, indicating the subject of each ground or question presented for review.

## TABLE OF CONTENTS

PAGE

Identity of Parties and Counsel . . . . . . . . . . . ii

Table of Contents . . . . . . . . . . . . . . . . . iii

Index of Authorities . . . . . . . . . . . . . . . . iv

Statement re oral argument . . . . . . . . . . v - vi

Statement of the case . . . . . . . . . . . . . . . . 1

Statement of procedural history . . . . . . . . . . . 2

Grounds for Review . . . . . . . . . . . . . . . . 3-4

Argument . . . . . . . . . . . . . . . . . . . . . 5-11

Prayer for Relief. . . . . . . . . . . . . . . . 12-13

Certificate of Service . . . . . . . . . . . . . .14-15

Certificate of Compliance . . . . . . . . . . . . 16-17

Appendix. . . . . . . . . . . . . . . . . . . . . . 18

Pursuant to TEX.R.APP.P.68.4(b), Petitioner provides an Index of Authorities, arranged alphabetically and indicating the pages of the petition where the authorities are cited.

## INDEX OF AUTHORITIES

**CASES:**                                                    **PAGES**

**Nava v. State**, 415S.W.3d289,306(Tex.Crim.App.2013). .  4
   The decision of the Court of Criminal Appeals with which the decision of the Court of Appeals is in conflict is

**Worthy v. Collagen Corp.,**967 S.W.2d 360,365hn2(Tex. 1998). . . . . . . . . . . . . . . . . . . . . . 9, 10
   The former rule required supplementation unless the supplementation would have unreasonably delayed the appeal.


**RULES:**

TEX.R.APP.P.10.5(b)(3)(B). . . . . . . . . . . . . . . 2

TEX.R.APP.P.10.5(b)(3)©. . . . . . . . . . . . . . . . 2

TEX.R.APP.P.10.5(b)(3)(D). . . . . . . . . . . . . . . 2

TEX.R.APP.P.66.3©. . . . . . . . . . . . . . . . . . . 3

TEX.R.APP.P.34.6(d). . . . . . . . . . . . . . . 3, 4, 11

Pursuant to TEX.R.APP.P. 68.4©, Petitioner includes a short statement of why oral argument would be helpful.

## STATEMENT RE ORAL ARGUMENT

Oral argument would be helpful to the decisional process because counsel and the Judges of the Court of Criminal Appeals could discuss when a Court of Appeals should allow supplementation of the record.

Here, Appellant filed a misdemeanor writ application and a direct appeal. The writ was filed before the appellate brief. It alleged prosecutorial misconduct in making a misleading argument by waving a purported agenda to prove that Appellant retaliated against witnesses. The misdemeanor writ application was sworn to.

In the direct appeal, he filed a verified bill of exceptions, making the same allegations as the writ application, but on information and belief. The appellate lawyer said he believed what the trial lawyer told the appellate lawyer about the misleading action of the prosecutor at trial.

Substantially later, but before decision, the trial lawyer finally verified the bill of exceptions. Appellate Counsel tendered the bill verified on personal knowledge by trial counsel and moved to supplement the record.

The Court of Appeals denied the motion to supplement the record. The Court of Appeals affirmed the judgment and sentence, holding the record insufficient to sustain the allegations of prosecutorial misconduct.

The Court and Counsel could discuss the general policy under the more recent appellate rules of allowing supplementation of the record before decision. They could discuss whether the Court of Appeals ought to have supplemented the record with the bill of exceptions verified on personal knowledge.

Pursuant to TEX.R.APP.P.68.4(d), Petitioner provides a statement of the case, noting briefly the nature of the case, and reserving the details of the case for statement with the pertinent grounds or questions.

## STATEMENT OF THE CASE

The nature of the case was a prosecution of Petitioner for misdemeanor tampering with a public record. It is now a review of the action of the Court of Appeals for the Thirteenth District in failing to allow supplementation of the record before decision.

Petitioner pleaded not guilty and submitted the matter to a jury on guilt/innocence.

The jury found him guilty. The judge imposed a sentence of ten months' confinement in the County Jail.

Petitioner appealed and moved to supplement the record with a bill of exceptions on personal knowledge showing prosecutorial misconduct.

The Court of Appeals denied the motion to supplement, affirmed the judgment and sentence, saying that the record before it did not show prosecutorial misconduct.

Petition asked for and was granted an extension of time to file this Petition for Discretionary Review. Petitioner timely files this Petition for Discretionary Review.

Pursuant to TEX.R.APP.P.68.4(e), Petitioner provides a Statement of Procedural History.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The court of appeals is the Court of Appeals for the Thirteenth District of Texas.

Re: TEX.R.APP.P.10.5(b)(3)(B), the date of Court of Appeals' judgment is

Re: TEX.R.APP.P.10.5(b)(3)© the case number in the Court of Appeals is No.

Re: TEX.R.APP.P.10.5(b)(3) (D), the date every motion for rehearing or en banc reconsideration was filed.

On, August 6, 2015 petitioner filed both Motions for Rehearing and Motion for Rehearing En Banc.

On September 10, 2015, Petitioner sought and was granted an extension of thirty days to file the Petition for Discretionary Review. This Court granted an extension to file the PDR until October 7, 2015.

This Petition is filed Electronically Via EFC and by mailing it to the Clerk of the Court of Appeals to the following address:

Clerk, Court of Appeals for the Thirteenth District of Texas, 5th Floor, Hidalgo County Administration Building, 100 East Cano Street, Edinburg, Texas.

Pursuant to TEX.R.APP.P.68.4(f), Petitioner states briefly, without argument, the question presented for review, expressed in the terms and circumstances of the case, but without unnecessary detail.

**GROUND FOR REVIEW**

1. The Court of Appeals decision conflicts with an important question of state law in a way that conflicts with the applicable decision of the Court of Criminal Appeals. TEX.R.APP.P.66.3©

The issue is whether the Court of Appeals should have remanded the matter of the incomplete reporter's record to the Trial Court pursuant to TEX.R.APP.P.34.6(d)to supplement the record with a verified, tendered bill of exceptions.

The reporter's record was inaccurate and incomplete because it did not show that the prosecutor was waving a purported agenda of the Commissioners' Court in front of the jury during final argument, contending that the Defendant had an item on that very agenda to demote employees in retaliation for their cooperation with the prosecution; the bill of exceptions swore that there was no such agenda existing when the prosecutor made that argument.

The decision of the Court of Criminal Appeals with

which the decision of the Court of Appeals is in conflict is **Nava v. State**,415S.W.3d289,306(Tex.Crim.App.2013)

The question is important to the jurisprudence of the state for two reasons. One, it deals with a Rule of Appellate Procedure, TEX.R.APP.P.34.6(d),dealing with supplementation of the record before decision.

Analogizing to the words of The Court of Criminal Appeals in **Nava**, the record *can* be supplemented...the record *needs* to be supplemented. **Nava v. State**, 415 S.W. 3d289,306hn13(Tex.Crim.App.2013)[emphasis in original,lw]

Pursuant to TEX.R.APP.P.68.4(g), Petitioner provides a direct and concise argument, with supporting authorities, amplifying the reasons for granting review.

## ARGUMENT

### STANDARD OF REVIEW

> "In answering that question, we start with the standard of review for construing court rules. We attempt to effectuate the plain language of a rule unless there are important countervailing considerations.37 Unlike the standard for construing statutes articulated in Boykin v. State,38 the standard for construing court rules permits the consideration of extratextual factors even if the text of the rule is not ambiguous and does not lead to absurd results.39 Extratextual factors include (but are not limited to) the object sought to be attained, common law or former provisions, and the consequences of a particular construction."**Nava v. State**,415S.W.3d289,306hn13(Tex.Crim.App. 2013)[emphasis in original,lw]

The presumption is that the record should be supplemented.

> When determining whether a missing portion of the record is necessary for resolution of an appeal, in assessing a trial judge's recollection, the Court of Criminal Appeals should view the circumstances from the appellant's standpoint and resolve any reasonable doubt in his favor. **Nava v. State** (Cr.App. 2013) 415 S.W.3d 289, application for writ of habeas corpus held in abeyance 2014 WL 7188854

The Court of Appeals for the Tenth District abated an appeal when the record was incomplete. That is similar to what the Court of Criminal Appeals should do here...grant this petition, allow full briefing, and, on submission, require the Court of Appeals to allow supplementation of the record and determination of the appeal upon a complete record, rather than upon an incomplete record.

> Appeals from convictions of forgery and failure to identify would be abated for trial court to determine date by which supplemental reporter's record containing exhibits would be filed, where reporter had over eight months since original due date of record to obtain exhibits from clerk, Court of Appeals actively attempted to obtain complete reporter's record for over three months only to have incomplete record filed without reporter notifying court that record was not complete, and reporter never suggested that he could not file complete record because district clerk would not give him needed exhibits so they could be copied and made part of reporter's record. **Jenkins v. State** (App. 10 Dist. 2010) 312 S.W.3d 314, appeal decided 2011 WL 337338.

As a negative example:

> Evidence would be presumed to be sufficient to support trial court's findings of fact in action by parents of deceased workers' compensation claimant to recover death benefits from workers' compensation insurer, where record on

> appeal was incomplete because parents' exhibit was missing; trial court quoted language from parents' exhibit in one of trial court's findings of fact, and insurer did not attempt to supplement record, did not argue that parents' exhibit had been lost or destroyed, and did not designate partial reporter's record. **Travelers Indem. Co. of Rhode Island v. Starkey** (App. 5 Dist. 2005) 157 S.W.3d 899, rehearing overruled, review denied, rehearing of petition for review denied.

But in Petitioner's appeal, the incomplete record does not support the decision of the Court of Appeals precisely because the Court of Appeals did not allow supplementation of the record with the bill of exceptions verified on personal knowledge (by the trial lawyer, who said the prosecutor misled the jury by waving a purported [but non-existent] Commissioners' Court agenda saying that it contained evidence of Petitioner's seeking vengeance against two witnesses for the prosecution by having them demoted).

Someone quoted from the missing document in Petitioner's trial...the prosecutor did. But this time there was nothing to quote from. There was no Commissioners' Court agenda in being at the time of the argument containing any attempted demotion of prosecution

witnesses. So, the quoting in Starkey serves to supplement the record while the quoting at Petitioner's trial is the essence of the Petition: Send the case back to the Court of Appeals and tell it to allow the Bill of Exceptions; then decide the case on a complete record rather than on an incomplete record.

In Petitioner's appeal, Counsel did obtain a complete record. Mr. Warner personally paid for the reporter's complete record when the trial court denied Appellant a record at the cost of the county. (Motion for Record at Cost of the state)

> Extra textual factors include (but are not limited to) the object sought to be attained, common law or former provisions, and the consequences of a particular construction."**Nava v. State**,415S.W.3d289, 06hn13(Tex.Crim.App.2013)[emphasis in original,lw]

### THE OBJECT SOUGHT TO BE ATTAINED

Petitioner seeks to have his appeal decided upon a complete record, rather than upon an incomplete record.

### COMMON LAW OR FORMER PROVISIONS

The current appellate rules make it easier to supplement the record.

A Court of Appeals did not abuse its discretion in

denying leave to supplement record after its opinion issued, where appellant had previously failed to supplement record after requesting and being granted leave to do so. **Worthy v. Collagen Corp.,**967 S.W.2d 360,365hn2 (Tex.1998)

In Petitioner's appeal, he did indeed try to supplement the record with a Bill of Exceptions *before* decision. The Court of Appeals denied leave to supplement the record with the Bill of Exceptions.

The former rule required supplementation unless the supplementation would have unreasonably delayed the appeal. **Worthy v. Collagen Corp.,**967 S.W.2d 360,365hn2(Tex.1998) There was no showing or finding that the filing of the bill of exceptions would have unreasonably delayed the decision on appeal.

Under prior appellate rules, the trial judge had to approve the record on appeal. It required a motion to make a change. This Court's opinion notes:

> "Under article 2248, Revised Civil Statutes 1925, only the judge who tries a criminal cases is authorized to approve the statement of **294 facts, except where the trial judge dies before the time for said approval or filing, in which event

the statement of facts may be approved or filed by the deceased judge's successor. The record does not disclose the death of the trial judge, nor is any reason shown why he did not approve the statement of facts. For this reason we cannot consider same." **Hudnall v. State**,296S.W.293(Tex.Crim.App.1927)

## CONSEQUENCES OF A PARTICULAR CONSTRUCTION

Construing the rule to require supplementation of the reporter's record will promote the end of the current rules that any party *by letter* [not motion], the Trial Court, or the Court of Appeals can direct that the reporter supplement the record.TEX.R.APP.P.34.6(d)

"d) Supplementation. If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record."TEX.R.APP.P.34.6(d)

## CONCLUSION AND REQUEST FOR RELIEF

Courts of Appeals should decide cases based on a complete record.

Petitioner tried to complete the record before decision.

The Court of Appeals should not have decided the appeal based on an incomplete record.

A complete record would have resulted in a different decision, since it would have shown blatant, material prosecutorial misconduct...misleading the jury by arguing that evidence existed which did not exist.

The Court of Criminal Appeals should allow full briefing.

Respectfully submitted
September 29, 2015

By:

Larry Warner
Attorney for Raul Garza Salazar
3109 Banyan Drive
Harlingen, Texas 78550
Office: 956-230-0361
Facsimile: 1-866-408-1968
Email: office@larrywarner.com
State Bar of TX 20871500;
USDC, SDTX 1230(1981)
Board Certified, Criminal Law,

Texas Board Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States(1984)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO.# PD-1160-15 & PD-1161-15

ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

In the Court of Appeals for the Thirteenth District of Texas

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**CERTIFICATE OF SERVICE**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This is to certify that a true and correct copy of the foregoing **APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**, was sent Electronically Via EFC to the following counsel of record on September 29, 2015, the day it was filed.

LUIS V. SAENZ, Cameron County District Attorney's Office, 964 E. Harrison, Brownsville, Texas 78520. Phone (956) 544-0849. Fax (956) 544-0869. Email: district.attorney@co.cameron.tx.us

LAW OFFICE OF LARRY WARNER
RESPECTFULLY SUBMITTED
September 29, 2015

Larry Warner,
Counsel for Raul Garza Salazar
3109 Banyan Circle
Harlingen, Texas 78550
Phone: (956)230-0361
Facsimile: (866)408-1968
Email: office@larrywarner.com
State Bar of TX 20871500;
USDC,SDTX 1230(1981)
Board Certified, Criminal Law,
TX Board Legal Specialization
(1983)Member of the Bar of the
Supreme Court of the
United States(1984)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO.# PD-1160-15 & PD-1161-15

ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

In the Court of Appeals for the Thirteenth District of Texas

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**CERTIFICATE OF COMPLIANCE**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

1.  This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because:  this brief contains **2991** words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.  This brief uses a monospaced typeface and contains **754** lines of text, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

3.  This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using **Word Perfect X6** in **Courier in font size 14pt.**

    The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th CIR. R. 32.2.7, may result in the court's striking the brief and imposing sanctions against the person signing the brief.

                    LAW OFFICE OF LARRY WARNER
                    RESPECTFULLY SUBMITTED
                    September 29, 2015
            By:

Larry Warner,
Counsel for Raul Garza Salazar
3109 Banyan Circle,
Harlingen, Texas 78550
Phone: (956) 230-0361
Facsimile: (866)408-1968
office@larrywarner.com
State Bar of TX 20871500;
USDC,SDTX 1230(1981)
Board Certified, Criminal Law,
Texas Board Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the
United States(1984)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO.# PD-1160-15 & PD-1161-15

ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

In the Court of Appeals for the Thirteenth District of Texas

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**APPENDIX**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Order

A copy of the opinion of the Court of Appeals for the Thirteenth District is attached.



**NUMBERS**

**13-14-00006-CR**
**13-14-00007-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RAUL GARZA SALAZAR,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

---

**On appeal from the 445th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Raul Garza Salazar challenges his convictions on two counts of abuse of official capacity and one count of tampering with governmental records.[1]  *See* TEX. PENAL CODE ANN. §§ 39.02, 37.10 (West, Westlaw through Chapter 46, 2015 R.S.). Salazar raises the following twelve issues:  (1) we should grant a new trial in the interest of justice; (2) the verdict is contrary to the law and the evidence; (3)–(6) the State presented misleading testimony and evidence calculated to harm Salazar; (7) the witness failed to identify Salazar prior to trial; (8) the State alleged untrue facts regarding an item of evidence; (9) the overall conduct by the State in presenting misleading arguments warrants a new trial; (10)–(11) cumulative error deprived Salazar of a fair trial; and (12) the indictment failed to state an offense.  We affirm.

## I. BACKGROUND

On November 15, 2013, a Cameron County jury convicted Salazar on two counts of abuse of official capacity and one count of tampering with governmental records.  *See See* TEX. PENAL CODE ANN. §§ 39.02, 37.10.  The State alleged that between March and August of 2011 Salazar committed the offenses of abuse of official capacity and tampering with governmental records in his effort to assist Roberto Cadriel obtain a job with Cameron County.  Salazar was Cameron County Commissioner Ernie Hernandez's administrative assistant at the time.  Cadriel is Hernandez's brother-in-law.

In June of 2011, Carmen Vera worked for the Cameron County Human Resources Department.  On June 10, 2011, Cadriel took a computerized civil service exam in order to apply for a position in the Cameron County Animal Control Department.  Cadriel failed

---

[1] The State alleged two counts of abuse of official capacity in trial court cause No. 2013-DCR-1700 (appellate cause no. 13-13-0006-CR) and one count of tampering with a government record in trial court cause no. 2013-DCR-1701 (appellate cause no. 13-13-0007-CR).

the exam twice. Vera testified that, at Salazar's direction, she took the exam in place of Cadriel for his third attempt and received a passing score. On June 28, 2011, Cadriel came back to the Human Resources Department to apply for a security guard position. Cadriel testified that he copied the correct answers for the security guard exam from an answer key. Cadriel further testified that Salazar gave him the answer key.

In trial court cause number 2013-DCR-1701, the State alleged that Salazar abused his official capacity by directing Vera to take the civil service exam on Cadriel's behalf (count one), and by providing the answer key for the security guard exam to Cadriel (count two). In trial court cause 2013-DCR-1700, the State alleged that Salazar tampered with government records by directing Vera to take the civil service exam in Cadriel's place (count three). The jury found Salazar guilty on all three counts. The trial court sentenced him to three concurrent ten-month terms in prison. The trial court assessed no fine.

## II. WAIVER

We first address whether Salazar waived his issues by failing to cite to the record in his brief. The State did not address any of Salazar's issues but rather argued that Salazar waived any error because he "completely failed to include any cites to the record in support of these twelve issues."

### A. Applicable Law

An appellant's brief must contain both citations to authorities and to the record, and a failure to include either waives an issue on appeal. TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see Vuong v. State,* 830 S.W.2d 929, 940 (Tex. Crim. App. 1992) (holding that when an appellant cites to no specific constitutional

3

provisions, statutory authority, or case law to support claims, then the court does not need to address the claims). As an appellate court, we have no duty to make an independent search of a voluminous record for evidence supporting a party's position. *See Alvarado v. State,* 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) ("As an appellate court, it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims."). However, if an issue presented in an appellant's brief directs our attention to the location of the error or complaint in the record, then the appellant has sufficiently briefed the facts of the issue. *See id.*; *Martinez v. El Paso Cnty.,* 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, no pet.).

### B. Analysis

We have thoroughly reviewed Salazar's brief and found that Salazar failed to include any citations to the record in either his argument or statement of facts. *See* TEX. R. APP. P. 38.1(i). Salazar only included two citations to the record in his statement of the case. *See id.* Salazar does not cite the specific pages in the record that support any of his issues. *See Alvarado,* 912 S.W.2d at 210; *Vuong,* 830 S.W.2d at 940.

Salazar argues in his first two issues that we should grant a new trial in the interest of justice and that the verdict is contrary to the law and the evidence but cites neither the record nor any authorities. Therefore, we are unable to review these issues. *See* TEX. R. APP. P. 38.1(i).

By his third through sixth issues, Salazar claims that the State presented misleading testimony calculated to harm him. Salazar contends that certain testimony centered on Salazar conspiring to retaliate against witnesses by demoting or firing them, specifically those witnesses who were employees at the Cameron County Human

4

Resources Department. Salazar contends that the reorganization of the Human Resources Department by the Cameron County Commissioners' Court was not his idea and so could not constitute retaliation. Salazar fails to cite where in the 400-page record this allegedly misleading or false evidence is located. Salazar does not specify which witnesses allegedly provided misleading or false testimony. Without more, we are unable to ascertain which witness provided the testimony that he alleges is misleading or false. *See Martinez,* 218 S.W.3d at 844. Since we are unable to analyze the testimony, we are unable to reach a conclusion as to its nature. *See Alvarado,* 912 S.W.2d at 210.

Salazar's seventh issue, arguing that "the witness failed to identify the defendant prior to trial," refers to Dalia Salinas, an employee within the Human Resources Department. But Salinas never testified at trial. Again, Salazar provides no record citations to direct us to where he claims that Salinas testified or where she failed to identify Salazar. We are unable to address this issue on the merits without any record citations. *See id.*

Salazar's eighth issue mirrors his third through sixth issues. Salazar contends that the State alleged that Salazar caused an agenda item calling for the reorganization of the Human Resources Department to be placed on the agenda of the Cameron County Commissioners' Court as retaliation against those employees who testified. Salazar contends that the prosecutor offered a misleading argument by claiming that the piece of paper in his hand during closing argument was the agenda item for the day to discuss the reorganization. We are unable to address this issue because Salazar does not cite to the prosecutor's closing statement or cite to anything in the record that illustrates how the prosecutor's argument was misleading. *See id.*

5

In sum, we will not attempt to perform an independent review of the record and verify each of Salazar's twelve issues. *See id.* With one exception, which we discuss below, we agree with the State and conclude that Salazar's brief contains no citations to the record. As a result, Salazar's brief presents nothing for our review. *See Alvarado,* 912 S.W.2d at 210; *Martinez,* 218 S.W.3d at 844.

### III. FAILURE OF INDICTMENT TO ALLEGE AN OFFENSE

In the interest of justice, we address Salazar's twelfth issue that addresses the indictment because Salazar cited to the indictment within the record in his statement of the case. Salazar argues that the indictment failed to state an offense.

### A. Applicable Law

"An indictment must allege, in plain and intelligible language, all the facts and circumstances necessary to establish all the material elements of the offense charged." *Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998). These material elements include "the facts necessary to show that the offense was committed, to bar a subsequent prosecution for the same offense, and to give the defendant notice of precisely what he is charged with." *Bynum v. State,* 767 S.W.2d 769, 779 (Tex. Crim. App. 1989). If the State fails to allege an element of an offense in an indictment or information then this failure is a defect in substance. *Studer v. State,* 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). The accused must object to substance defects before trial begins; otherwise the accused forfeits his right to raise the objection on appeal or by collateral attack. *Id.* In order to be an effective indictment or information, the charging instrument need not necessarily allege every element of the offense charged, as long as no material element is missing. *Id.*

6

**B. Analysis**

The indictment includes the basic facts of the case, specifying in count one, that Salazar:

> on or about the 1st day of March, 2011 and through the 1st day of August, 2011, through a continuing course of conduct and one scheme . . . did then and there, with the intent to obtain a benefit and defraud another, intentionally or knowingly violate a law relating to the defendant's office as a public servant, namely, tampering with governmental records relating to the testing of and by Roberto Cadriel, by directing another to take the civil service test for and in the place of Roberto Cadriel.

The language of the indictment for count two mirrors count one except for referring to Salazar providing test answers to Roberto Cadriel.

Salazar cites one case in his brief in support of this issue. *See Ex parte Nivens,* 619 S.W.2d 184, 185 (Tex. Crim. App. 1981) (holding a conviction void as the felony information was fundamentally defective for failing to allege an essential element of the offense), *overruled on other grounds, Ex parte Patterson*, 969 S.W.2d 16, 20 (Tex. Crim. App. 1998) (holding that a defect in a charging instrument does not automatically render a judgment void). Salazar asserts that the indictment does not allege that Salazar gave the answers to Cadriel without the owner's consent. Salazar contends that lack of consent is a material element of the offense and that when the State omits a material element from the indictment, then the indictment fails to state an offense. Again, he fails to refer to the record; therefore, the exact offense to which he is referring remains unclear.

We reject Salazar's argument for two reasons. First, lack of consent of the owner is not a material element of either offense. *See Bynum,* 767 S.W.2d at 779. The Texas Penal Code does not mention consent in either offense. *See* TEX. PENAL CODE ANN. §§ 39.02, 37.10; *see also Harrelson v. State,* 153 S.W.3d 75, 80 (Tex. App.—Beaumont

7

2005, pet. ref'd) (setting out the elements of abuse of official capacity); *Pokladnik v. State,* 876 S.W.2d 525, 526 (Tex. App.—Dallas 1994, no pet.) (discussing the elements of tampering with a governmental record). The indictment in this case sufficiently states the material elements for abuse of official capacity by tampering with a governmental record. *See Campbell v. State,* 139 S.W.3d 676, 686 (Tex. App.—Amarillo 2003, pet. ref'd) (holding that the indictment did not fail to state an offense when it specifically alleged the acts that appellant had to perform and that appellant acted with intent to obtain a benefit). Furthermore, the indictment included sufficient information to put Salazar on notice of the offense because it specifically alleged that he intended to obtain a benefit and defraud another while intentionally or knowingly violating a law relating to Salazar's office as a public servant. *See* TEX. PENAL CODE ANN. § 39.02; *see also Bynum*, 767 S.W.2d at 799.

Second, since Salazar did not object to any defects of substance or form in the charging instrument prior to the day of trial, Salazar waived any error. *See Ex parte Patterson,* 969 S.W.2d at 20; *see also Studer,* 799 S.W.2d at 268. We overrule Salazar's twelfth issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

8